IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE L. WILLIAMS, )
)
        Plaintiff, )
)
v. ) Civil Action No. 04-1084
)
JO ANNE B. BARNHART, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of October, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, denied. The Commissioner's decision of April 14, 2004, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not

"disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his benefit applications on March 14, 2003, alleging a disability onset date of January 1, 2001, due to bipolar disorder, drug addiction and post-traumatic stress disorder. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on April 1, 2004, at which plaintiff, represented by counsel, appeared and testified. On April 14, 2004, the ALJ issued a decision finding that plaintiff is not eligible for benefits because his drug abuse is

- 2 -

a contributing factor material to his disability. On June 2, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 38 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a food service worker but has not engaged in any substantial gainful activity since his alleged onset date. For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired sufficient quarters of coverage to remain insured at least through the date of the decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not eligible for benefits. Applying the regulations governing the determination of whether drug addiction is a contributing factor material to the determination of disability, the ALJ first found that plaintiff's severe impairment of substance abuse meets the criteria of Listing 12.09, 20 C.F.R., part 404, subpart P, appendix 1. However, the ALJ further found that plaintiff's remaining severe impairments of bipolar disorder and schizo-affective disorder would not be disabling if plaintiff stopped using drugs, rendering him ineligible for benefits under the Act.

AO 72A
(Rev.8/82)

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

However, as amended by the Contract with America Advancement Act of 1996, the Act expressly provides that "[a]n individual shall not be considered to be disabled . . .if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§423(d)(2)(C) and 1382c(a)(3)(J).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

- 4 -

AO 72A
(Rev.8/82)

416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). Generally, if the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003). However, where drug addiction or alcoholism is an issue, the ALJ must adhere to the regulations promulgated to implement the Contract with America Advancement Act. 20 C.F.R. §§404.1535 and 416.935.

The regulations governing drug addiction and alcoholism require the Commissioner, where a claimant is found disabled and there is medical evidence of alcoholism or a drug addiction, to determine whether the claimant's alcohol or drug addiction "is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a) and 416.935(a). The process for making that determination is spelled out in the regulations as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. §§ 404.1535(b) and 416.935(b).

If the Commissioner determines based on the foregoing process that the claimant's remaining limitations would not be disabling,

- 5 -

then the addiction will be found to be a contributing factor material to disability, and the claimant will be ineligible for benefits. §§404.1535(b)(2)(I) and 416.9359(b)(2)(I). Conversely, if the Commissioner determines that the claimant's remaining limitations would be disabling, the claimant will be found to be disabled independent of his drug addiction, which will not be found to be a contributing factor material to the determination of disability. §§404.1535(b)(2)(ii) and 416.9359(b)(2)(ii).

In this case, the ALJ initially found at step 3 of the sequential evaluation process that plaintiff's substance abuse meets the criteria of Listing 12.09 for substance addiction disorders, rendering plaintiff disabled. Pursuant to the regulations, he then proceeded to determine whether plaintiff still would be disabled by his other severe impairments if he stopped using drugs. The ALJ concluded that, absent plaintiff's substance abuse, his remaining severe impairments, bipolar disorder and schizo-affective disorder, would not be disabling. Accordingly, the ALJ found that plaintiff's substance abuse is a contributing factor material to the disability determination and therefore found him to be ineligible for benefits.

Plaintiff argues on appeal that the ALJ's conclusion that plaintiff's substance abuse is a contributing factor material to the determination of disability is not supported by substantial evidence. In particular, plaintiff contends that there is no medical evidence of record supporting the ALJ's conclusion that plaintiff's other severe impairments would not be disabling if

plaintiff stopped abusing cocaine. Upon a review of the record, this court finds that the ALJ's analysis is wanting, and this case must be remanded to the ALJ for additional evaluation.

It is a cardinal principle of social security law that an ALJ may not make speculative inferences from medical reports and may not substitute his own lay opinion for those from qualified medical professionals. Morales, 225 F.2d 310 at 317. It follows, then, that in the context of deciding whether substance abuse is a contributing factor material to the disability determination, the ALJ must identify at least some medical evidence that would support a conclusion that a claimant would no longer be disabled if he stopped using drugs. Sklenar v. Barnhart, 195 F.Supp.2d 696,700 (W.D. Pa. 2002) (J. Standish).

The record in this case contains reports from numerous physicians and psychiatrists who have treated plaintiff over the years for his drug addiction as well as for his other diagnoses of bipolar disorder and schizo-affective disorder. These reports include records from, inter alia, three separate in-patient hospitalizations between the years 2000 and 2004 (R. 121-25, 127, 199-204) as well as records from plaintiff's outpatient treatment in a dual diagnosis program for those with both substance abuse problems and other mental health issues. (R. 141, 155-163).

However, in none of these records is there any indication that any physician or psychiatrist has ever offered an opinion as to what effect sobriety would have on plaintiff's other mental health impairments. The reports all discuss plaintiff's cocaine

dependence in conjunction with his other mental health impairments without consideration of the effect the cessation of substance abuse would have on those other mental impairments. In this regard, this case is closely analogous to Sklenar, where the court noted that "nearly every medical opinion of record contains diagnoses of alcohol abuse *and* mental impairments, with no consideration of whether or how the cessation of alcohol consumption would impact the Claimant's limitations." 195 F.Supp.2d at 703-04.

In the absence of such evidence, the ALJ's determination that plaintiff would no longer be disabled if he stopped abusing cocaine could not have been based on anything other than mere speculation and amounts to a conclusion based solely on his own lay opinion. As such an opinion is insufficient evidence upon which to base a disability determination, as in Sklenar, a remand is necessary in this case in order to obtain additional evidence as to what effect, if any, sobriety would have on plaintiff's other severe mental impairments.

Upon remand, the ALJ shall obtain additional medical evidence, including consultative medical examinations if appropriate, on the issue of whether plaintiff still would be disabled if he stopped abusing cocaine. Plaintiff, of course, should remain cognizant that the ultimate burden of proving that he would remain disabled even if he ceases drug use remains upon him. See, Sklenar, 195 F.Supp.2d at 705-06; Brown v. Apfel, 192 F.3d 492, 498-99 (5th Cir. 1999).

- 8 -

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Gregory G. Paul, Esq.
Pierce, Raimond & Coulter, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918

Rebecca Ross Haywood
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219