IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1084 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is plaintiff's counsel's petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412(a) ("EAJA") (Document No. 14), the government's brief in opposition thereto (Document No. 16) and plaintiff's counsel's reply brief (Document No. 19). For the following reasons, plaintiff's counsel's petition will be granted.

Tyrone L. Williams ("plaintiff") filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act due to bipolar disorder, drug addiction and post-traumatic stress disorder. An Administrative Law Judge ("ALJ") issued a decision finding that plaintiff is not eligible for benefits because his drug abuse is a contributing factor material to his disability. Plaintiff filed a civil action in this court seeking judicial review of that decision and this court ultimately granted plaintiff's motion for summary judgment and remanded the case to the Commissioner for further proceedings pursuant to sentence 4 of 42 U.S.C. §405(g).

※AO 72
(Rev. 8/82)

Plaintiff's counsel has filed a motion for attorney's fees under the EAJA seeking compensation for 29.0 hours of work at a prevailing hourly rate of $148.50[1] for a total of $4,306.50 in attorney's fees. The Commissioner does not challenge the requested hourly rate[2], but instead contends that plaintiff's counsel is not entitled to any EAJA fees because the Commissioner's position was substantially justified. Alternatively, the Commissioner argues that the number of hours claimed by counsel is unreasonable. Upon review of counsel's motion and the Commissioner's objections, the court finds that the Commissioner has failed to establish that his position was substantially justified. In addition, the court finds nothing unreasonable or excessive about plaintiff's fee request.

Under the EAJA, the court "*shall* award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action, including proceedings for judicial review of agency action . . . *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A) (emphasis added).

---

[1]. The EAJA prevailing rate is an adjustment to the maximum hourly rate of $75.00 set in the EAJA taking into account increases in the cost of living since October 1981, and is based on the Consumer Price Index - All Urban Consumers, Pittsburgh, Pennsylvania, supplied by the U.S. Bureau of Labor Statistics. See Allen v. Bowen, 821 F.2d 963 (3d Cir. 1987).

[2] Nor does the Commissioner dispute that plaintiff is a prevailing party in the underlying social security appeal.

The position of the United States includes its litigation position in federal court as well as any agency position that preceded and necessitated the litigation. Washington v. Heckler, 756 F.2d 959, 960 (3d Cir. 1986). A position is substantially justified "if it has a reasonable basis in both law and fact." Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998).

The burden of proving substantial justification rests with the government. Washington, 756 F.2d at 960. In order to meet its burden, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and, (3) a reasonable connection between the facts alleged and the legal theory advanced. Id.

Although the government may lose on the merits, or have its legal position rejected, yet still be found to be substantially justified in its position, "[w]hen the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'" Id. at 962.

In this case, the Commissioner's position, at both the agency level and as argued before this court on judicial review, was that plaintiff, although disabled by the severe impairment of substance abuse, nevertheless is not entitled to benefits because plaintiff's substance abuse is a contributing factor material to the disability determination. This position is premised upon the ALJ's conclusion that, absent plaintiff's substance abuse, his remaining severe impairments of bipolar disorder and schizo-affective disorder would not be disabling.

Upon substantial evidence review, this court rejected the Commissioner's position and granted summary judgment in favor of plaintiff, and remanded the claim to the Commissioner in order to obtain additional evidence as to what effect, if any, sobriety would have on plaintiff's other severe mental impairments. The court's rationale was that there was no medical evidence in the record indicating that any physician or psychiatrist had ever offered an opinion as to what effect sobriety would have on plaintiff's other mental health impairments. Instead, the reports merely discussed plaintiff's cocaine dependence in conjunction with his other mental health impairments without consideration of the effect the cessation of substance abuse would have on those other mental impairments.

The Commissioner now argues that its position below was substantially justified because there was evidence showing marked improvement in plaintiff's condition during periods of abstinence as well as non-medical evidence from plaintiff's own statements indicating he did relatively well while not using. However, the court cannot agree with the Commissioner's contention that its position has a reasonable basis in law or fact because that position offends established precedent.

As explained in the court's opinion granting summary judgment in plaintiff's favor, the ALJ's decision in this case, and the Commissioner's defense of that decision, violates the cardinal principle of social security law that an ALJ may not make speculative inferences from medical reports and may not substitute

his own lay opinion for those from qualified medical professionals, Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), as well as a prior reported decision from this district holding that, in the context of deciding whether substance abuse is a contributing factor material to the disability determination, the ALJ must identify at least some medical evidence that would support a conclusion that a claimant would no longer be disabled if he stopped using drugs. Sklenar v. Barnhart, 195 F.Supp.2d 696, 700 (W.D. Pa. 2002) (J. Standish).

In the absence of such medical evidence, the ALJ's determination that plaintiff would no longer be disabled if he stopped abusing cocaine could not have been based on anything other than mere speculation and amounted to a conclusion based solely on his own lay opinion. This determination was contrary to well-established precedent and the Commissioner's position therefore is not substantially justified. Accordingly, plaintiff's counsel is entitled to fees under the EAJA.

Alternatively, the Commissioner argues that, even if plaintiff is entitled to some fee under the EAJA, plaintiff's counsel's fee request should be reduced because the number of hours requested is unreasonable. Upon review, the court finds no basis for reducing the requested fee for unreasonableness.

The EAJA is a fee-shifting statute which shifts certain litigation expenses incurred by the prevailing party to the government. Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Oh. 1985). Billing judgment, as used in the private sector, is an

important component in assessing time claimed under a fee-shifting statute such as the EAJA. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Id. (emphasis in original; citation omitted).

It follows that in reviewing requests for fees under a fee-shifting statute district courts have an obligation to reduce the number of hours claimed where they are documented inadequately, an unreasonable amount of time is expended on a particular task, or there is clear duplication of effort. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.") (citing Hensley, 461 U.S. at 433).

In light of the foregoing principles, the court finds no basis in this case to reduce the fee requested by plaintiff's counsel. Plaintiff's counsel's time is documented adequately, there does not appear to be any duplication of effort and the requested time does not appear to be overly excessive.

While it is true that tasks of a clerical or administrative nature should not automatically be compensated at an attorney's hourly rate, it also has been recognized that at least certain aspects of the administrative and management functions of a law office are subsumed within the hourly rate which an attorney is to be awarded under the EAJA. See Williams v. Bowen, 684 F.Supp. 1305, 1308 (E.D.Pa. 1988).

The court does not believe that preparation of a social

security complaint, the filing and serving of that complaint, and the preparation and filing of a fee petition can be considered to be wholly administrative or clerical tasks for which no compensation is warranted under the EAJA. Plaintiff's counsel requests a total of only 8.5 hours for those tasks in addition to other clearly legal tasks such as reviewing the administrative transcript, the defendant's brief, this court's decision and corresponding with his client. A total of 8.5 hours for all of the foregoing tasks does not strike the court as excessive.

Likewise, the court has examined the administrative transcript, the ALJ's decision below and the legal issues raised in plaintiff's brief in support of summary judgment and does not believe that 20.5 hours is an unreasonable amount of time to have been spent reviewing the record and preparing a summary judgment motion and brief in this case.

Based on the foregoing, the court is satisfied that plaintiff's counsel's fee request is neither unreasonable nor excessive. Accordingly, the court will approve plaintiff's counsel's request for attorney's fees under the EAJA for 29.0 hours of work at a rate of $148.50 per hour for a total award of $4,306.50.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this ___9/th___ day of April, 2007, for the foregoing reasons, IT IS ORDERED that plaintiff's motion for an award of

attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA")(Document No. 14) be, and the same hereby is, granted and plaintiff's counsel hereby is awarded attorney's fees pursuant to the EAJA in the amount of $4,306.50; and,

IT FURTHER IS ORDERED that the Commissioner shall remit forthwith and without undue delay directly to plaintiff's counsel the $4,306.50 EAJA award.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Gregory G. Paul, Esq.
Peirce Law Offices
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918

Robert W. Gillikin, II
Robert Peirce & Associates, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Megan Farrell
Assistant United State Attorney
U.S.P.O. & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219